J. Roland **HAHN**, Plaintiff-Appellant,

v.

**WOODMEN ACCIDENT AND LIFE CO.,**
Defendant-Appellee.

No. 72–1852.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 31, 1973.

Decided March 6, 1973.

Carl William Hinton, Findlay, Ohio, for plaintiff-appellant; Hinton, Noble & Bryant, Findlay, Ohio, on brief.

Thomas B. Ridgley, Columbus, Ohio, for defendant-appellee; Vorys, Sater, Seymour & Pease, Columbus, Ohio, on brief.

Before WEICK, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Appellant Hahn, in 1964, signed a contract with defendant life insurance company as a district manager and a salesman for said company of life and accident insurance. Defendant company terminated this contract by written notice on October 8, 1971. Invoking the diversity jurisdiction of the United States District Court for the Northern District of Ohio, appellant filed a very brief complaint, pleading breach of contract, seeking $350,000 damages and attaching a copy of the contract.

Defendant company thereupon filed a motion to dismiss, asserting that the complaint failed "to state a claim upon which relief can be granted against defendant," attaching thereto a copy of the company's letter discharging appellant Hahn.

Appellant filed no response to the motion to dismiss as required by local court rule. The District Judge noted that the contract contained a clause which made it permissible for either party to terminate the contract upon written notice and interpreted this contract section to be uncontestable. He thereupon dis-

missed the complaint without prejudice to appellant's refiling an action for accounting.

 Since we believe the basic dispute between these parties was pled in general terms, yet with sufficient particularity to state a cause of action, we reverse. Appellant's breach of contract complaint said in part:

> Defendant is in breach of the agreement with the plaintiff in that it has failed to perform its covenants and promises; that the attempted termination of the contract by defendant was contrary to its provisions, unjust, unreasonable, and contrary to law.

The contract attached provided in considerable detail for the continued payments of commissions to appellant on policies which he had sold, unless the discharge was "for cause." In the event he was discharged "for cause," all payments under the contract would cease. The letter of discharge was "for cause." We believe that the pleadings and the various motions filed served at least generally to pose the issue as to whether or not appellee company's discharge "for cause" of appellant Hahn was valid under the language of the contract and the facts of this case.

While the complaint in this case was less than artfully drawn, and we agree completely with the District Judge that appellant should have responded to the motion to dismiss, we do not think that anyone has been misled or that the interests of justice would be served by requiring this case to be started all over again.

 On motion for reconsideration of the order of dismissal, appellant Hahn made all of the responses which he should have made to the motion to dismiss in the first instance. At that point we believe an order should have been entered allowing him to amend his bill of complaint. This can now be accomplished by our vacation of the order of the District Court and remand of this case for trial.

The judgment of the District Court is reversed and remanded for further proceedings consistent with the above.